

FILED
APR - 5 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DARREN BROWN,

    Petitioner,

v.                                CRIMINAL ACTION NO. 2:18cr178

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Darren Brown's ("Petitioner") Motion for Compassionate Release. ECF Nos. 36, 42. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 6, 2018, Petitioner was indicted on a single-count of Possession of Firearm by Convicted Felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). ECF No. 1. According to the Statement of Facts, Petitioner was previously convicted of larceny in the Chesapeake Circuit Court of Chesapeake, Virginia on September 22, 2013. ECF No. 16. On January 12, 2016, Defendant possessed and sold a stolen Browning .270 caliber rifle to a confidential informant. *Id.* The transaction was recorded on video. *Id.*

Petitioner was later arrested on December 12, 2018 at his place of residence. *Id.* Upon his arrest, law enforcement recovered yet another firearm, a .45 caliber pistol. *Id.* On January 17, 2019, Defendant pled guilty to the single count. ECF No. 15. On April 18, 2019, Petitioner was sentenced to 32 months on Count One, and 3 years of supervised release. ECF No. 25.

On December 9, 2020, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 36. The Court then ordered the appropriate

responses on December 14, 2020. ECF No. 38. Petitioner supplemented his Motion on February 15, 2021. ECF No. 42. The Government responded in opposition on February 23, 2021. ECF No. 47. Petitioner filed a reply on March 1, 2021. ECF No. 50. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence

may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020), *aff'd*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a

3

combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the Warden of Memphis FCI on September 7, 2020. ECF No. 42 at 3; ECF No. 42-1. Petitioner was subsequently denied relief on October 19, 2020. *Id.*; ECF No. 42-2. Over 30 days lapsed between Petitioner's request for compassionate release and the Warden's response. Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

#### B. Resolution of Petitioner's Request for Compassionate Release

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct reflects more unlawful conduct than the title of his offense of conviction. Petitioner obtained not one but two guns despite being a prior felon, making it unlawful for him to possess a firearm. ECF No. 16. Petitioner not only possessed two firearms on two separate occasions, but Petitioner also illegally sold one of those firearms, which, but-for the buyer having been a confidential informant, would have further spread unlawful and potentially deadly conduct. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

---

[1] Despite having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020).

4

To date, Petitioner has served over 85% of his 32-month sentence. ECF No. Moreover, Petitioner was eligible for home detention as of April 1, 2021. The Court recognizes that Petitioner has participated in individual therapy and consistently attended such therapy. ECF No. 42 at 11. The Court also recognizes that Petitioner suffers from bipolar disorder and has made progress with controlling his anger and impulses associated with his disorder. *Id.*; ECF No. 39. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release has been established based upon the COVID-19 pandemic, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). While prisoners across the country are beginning to obtain a vaccine, many, including Petitioner[2], have yet to obtain one. Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner proffers his obesity, high blood pressure, asthma, and bipolar disorder as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 42. As an initial matter, the CDC does not list bipolar disorder as an ailment that places individuals at a higher risk of severe illness from COVID-19.[3] The CDC does indicate that obesity (BMI > 30 but

---

[2] The Court has been presented with no evidence suggesting that Petitioner obtained a vaccine.
[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

5

< 40), asthma, and high blood pressure "can make you more likely to get severely ill from COVID-19."[4] Despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's seemingly controlled obesity, asthma, and high blood pressure.

In April of 2019, Petitioner had a BMI of 38.7 based upon the standard BMI calculation using his weight and height at the time. ECF No. 19. As of September 29, 2020, Petitioner's BMI has decreased to 33.7. ECF No. 49. It appears that Petitioner's weight is under control as he has steadily lost weight since his incarceration. Additionally, at the age of 27 years old, there is no evidence that Petitioner is immobile or otherwise unable to control his weight with diet and exercise. This indicates to the Court that an obesity diagnosis can be controlled by Petitioner.

Regarding Petitioner's asthma, upon review of Petitioner's medical records, Petitioner does not appear to have a severe asthma diagnosis since there is no indication of any recent asthma-related or similar respiratory ailments. ECF No. 49. Moreover, Petitioner has no asthma-related medications, further indicating that his asthma is under control. *Id.*

Turning to Petitioner's blood pressure, that too appears to be controlled. ECF No. 49. While Petitioner does suffer from hypertension with his highest blood pressure reading indicating 165/115 on October 29, 2020, Petitioner was subsequently prescribed additional blood pressure medication on October 30, 2020. *Id.* Soon after, Petitioner's blood pressure reduced to 155/98 on November 7, 2020, the Court's most recent blood pressure reading. *Id.*

While the world continues to grapple with the pandemic, it is imperative to note that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to

---

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[4] *Id.*

severe illness from a COVID-19 diagnosis. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 5, 2021

UNITED STATES DISTRICT JUDGE